# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2011

Lyle W. Cayce
Clerk

No. 10-10525
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAZIEL MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-147-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raziel Martinez pleaded guilty to aiding and abetting the distribution of a controlled substance and was sentenced to 71 months of imprisonment and three years of supervised release.

Martinez argues on appeal that the district court committed clear error when it held him accountable at sentencing both for four ounces of heroin observed by a confidential source lying on a table at a residence at which Martinez was selling heroin on May 22, 2007, and for five ounces of heroin

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contained in five separate one-ounce packets wrapped in black tape that were recovered from Martinez two days later on May 24, 2007.  He contends that the four ounces of heroin observed on May 22, 2007, was the same heroin that was included in the five ounces of heroin recovered from Martinez on May 24, 2007, and that the Government did not meet its burden of proving that such a guidelines adjustment based on drug quantity was applicable.  Additionally, the Government moves to strike its assertion in its brief that Martinez had a second source of supply in Fort Worth, Texas, and any arguments relying on that assertion.

The district court was entitled to consider such evidence, and aside from his own speculation, Martinez has not offered in rebuttal any evidence demonstrating that the two quantities of heroin were identical.  *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006); *United States v. Betancourt*, 422 F.3d 240, 246-47 (5th Cir. 2005).  Accordingly, Martinez has not shown that the district court's drug quantity determination was not plausible in light of the record as a whole, and thus he has not shown that the district court committed clear error in calculating the drug quantity for which he was held accountable at sentencing.  *See Betancourt*, 422 F.3d at 246.

AFFIRMED; GOVERNMENT'S MOTION TO STRIKE GRANTED.